# Worswick v. Hunt.

*Attachment Suit for the Collection of Rent.*

1. *Charge to jury, when invasive of province of the jury.*—A charge which assumes as true and proven a controverted fact, material to the issue being tried, invades the province of the jury, is erroneous, and is properly refused.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOMAS M. ARRINGTON.

This was a statutory trial of the right to property, instituted by the appellees interposing a claim to personal property which was levied upon under an attachment issued in a suit brought by the appellant, James E. Worswick, against R. E. Hunt and M. E. Hunt. The facts of the case are sufficiently stated in the opinion.

After the introduction of all the evidence, the plaintiff requested the court to give the following written charge to the jury: "If the jury believe the evidence, they must find their verdict for the plaintiff." The court refused to give this charge, and the plaintiff duly excepted. At the request of the claimants, the court gave, among others, the following written charges to the jury, and to the giving of each charge the plaintiff separately excepted: (1.) "In a case like this, the statement of defendants as to the ownership of property in controversy do not divest title out of the true owners." (4.) "That by dominion is meant merely a control of the articles given; and if the jury believe from the evidence that the claimants exercised control of said property given them, then the gift is valid, and the jury must find for the claimants." (5.) "In order to constitute a delivery of the furniture here in issue no actual manual delivery by a removal or moving of this furniture is necessary. All that is necessary is that the donor shall abandon her property in said furniture, and that the donees shall step into her shoes; any thing that amounts to this is a sufficient delivery." (6.) "In cases like this, where articles or property given is bulky, a declaration of the gift in plain terms by the donor, and an acceptance by the

donees (claimants here), is a sufficient delivery and constitutes a valid gift." (7.) "Where, as in this case, the gift is for the benefit of the donees, the law presumes an acceptance by the donees." (9.) "The fact that the claimants lived in the same house with their parents, and that the parents may have used the property jointly with the claimants, and with their consent, for their mutual comfort, does not invalidate the gift, or show that no valid gift had been made."

There was judgment for the claimants, and the plaintiff appeals, and assigns as error the rendition of said judgment, and the giving of the charges requested by claimants, and refusing to give the charge requested by him.

Roquemore & White and Roquemore, Hill & Rogers, for appellant.

Sanford & Sanford, contra.

COLEMAN, J.—The appellant, Worswick, sued out an attachment against R. E. Hunt and M. E. Hunt for unpaid rent of dwelling, which was levied upon a piano, and household furniture, that had been in the dwelling, and used by the family.

The appellees, Lola Hunt and Mrs. Zella Flinn, daughters of the defendants in attachment, and who constituted a part of the family, made affidavit to the property and gave bond for the trial of the right of property. The claimants based their title to and ownership of the property, to a gift from their mother, M. E. Hunt. There was evidence on the part of the plaintiff tending to show that the property levied upon was subject to rent, and there was evidence tending to show a gift of the property to the claimants. The material assignments of error refer to instructions given at the request of the claimants.

The rule is, that a charge which assumes as true a controverted fact, material to the issue, is defective and erroneous, and should be refused. There was evidence in the case, which tended to show that Mrs. Hunt had made no gift of the property to her daughters, and there was other evidence which, if believed, would operate an estoppel upon Mrs. Flinn, though there had been a gift to her, and the testimony of claimants' witnesses in re-

gard to the gift was not consistent, and a jury might have discredited it. The plaintiff Worswick testified that Mrs. Hunt claimed to be the owner of the property in the presence of her daughter Mrs. Flinn, and that Mrs. Flinn replied that the claim she had made to the property was in jest. The testimony of Elsberry tends to show, that the property was claimed by Mrs. Hunt, and that it would be liable for the rent and was ample security. Mr. Flinn testifies that the piano was included in the gift to the two daughters made to them in June, just a few months previous to the rental contract for the dwelling. The facts here detailed were controverted by the claimants, but the issue was one for the jury.

Charges one, four, six, seven, and nine, given at the request of claimants, invaded the province of the jury, or assumes as true a controverted fact. The latter clause of the fifth charge was abstract and misleading. There was no error in refusing the general charge requested by the plaintiff.

Reversed and remanded.